**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 19-cv-01990-REB-SKC

ANDREA DENNIS,

    Plaintiff,

v.

ALDOUS & ASSOCIATES, PLLC,

    Defendant.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

**Blackburn, J.**

This matter is before me on the **Notice of Plaintiff's Motion for Default Judgment** [#14][1] filed November 19, 2019.[2] Attached to the notice [#14] is a **Memorandum of Law in Support of Plaintiff's Motion for Default Judgment Against Defendant Aldous & Associates, LLC** [#14-1]. No response was filed. Having considered carefully the motion, the memorandum, the record, and the apposite law, I find and conclude that the motion should be granted in part and denied in part. Thus, I enter the following findings of fact, conclusions of law, and orders.

**I. FINDINGS OF FACT**

1. In the complaint [#1], the plaintiff, Andrea Dennis, seeks judgment for statutory damages and actual damages against the defendant, Aldous & Associates, PLLC (Aldous).

---

[1] "[#14]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Although styled as a "notice," I view and treat this paper as a motion.

2. The plaintiff alleges Aldous violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692p, when the Aldous contacted the plaintiff by telephone on two occasions on April 19, 2019.

3. The plaintiff alleges Aldous attempted to collect a debt owed by the plaintiff.

4. According to the allegations in the complaint [#1], on or around April 19, 2019, at about 10 a.m., Aldous called Ms. Dennis in an attempt to collect the debt.  Ms. Dennis informed Aldous that she was at work and requested a call back after 4:00 p.m.  About an hour later, around 11:00 a.m., Aldous called Ms. Dennis again in an attempt to collect the debt.  *Complaint* [#1], ¶¶ 11 - 12.

5. Ms. Dennis alleges the actions of Aldous caused her "a significant amount of frustration, confusion and anxiety."  *Id.*, ¶ 13.  She alleges that as "a direct consequence of the . . . acts practices and conduct" of Aldous, the plaintiff "suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment."  *Id.*, ¶ 15.  In the complaint [#1], Ms. Dennis does not allege any additional facts to support these allegations.

6. On July 18, 2019, Ms. Dennis effected service of process on Aldous by serving the summons and complaint on Aldous via its registered agent, as shown in the **Return of Service** [#5] filed with the court.

7. Under Federal Rule of Civil Procedure 12(a)(1)(A), Aldous had 21 days from July 18, 2019, to file an answer or otherwise respond to the complaint.

8. To date, Aldous has failed to answer, respond, or appear.

9. On September 19, 2019, the clerk entered default [#13] against Aldous.

10. Aldous is a Utah business entity operating as a collection agency.  Aldous is (a)

not a minor, (b) not incompetent, and (c) not presently in the military service within the purview of the Servicemembers Civil Relief Act, 50 App. U.S.C. § 521, Protection of Servicemembers Against Default Judgments.

## II. CONCLUSIONS OF LAW

1. This court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1692k(d) (FDCPA jurisdiction).

2. Venue is proper in this court under 28 U.S.C. § 1391(b) because a substantial part of the conduct giving rise to the claims of the plaintiff occurred in Colorado.

3. After valid service of the summons and complaint on Aldous, Aldous failed to answer or otherwise respond to the complaint. Thus, Aldous has admitted the factual allegations of the complaint other than those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6); **see also Burlington Northern Railroad Co. v. Huddleston**, 94 F.3d 1413, 1415 (10th Cir. 1996). Once default is entered, "'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" **Bixler v. Foster**, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)). If the amount claimed is a liquidated sum or one capable of mathematical calculation, then a court may enter a default judgment without a hearing. **See, e.g., Hunt v. Inter-Globe Energy, Inc.**, 770 F.2d 145, 148 (10th Cir. 1985).

4. A single violation of any provision of the [FDCPA] is sufficient to establish civil liability under the FDCPA. **Taylor v. Perrin, Landry, deLaunay & Durand**, 103 F.3d 1232, 1238 (5th Cir. 1997).

### A. 15 U.S.C. § 1692c(a)(1)

5. Ms. Dennis alleges Aldous violated 15 U.S.C. § 1692c(a)(1), part of the FDCPA. *Complaint* [#1], ¶ 17.  This statutory provision provides:

**(a) Communication with the consumer generally**

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

6. Aldous did not violate § 1692c(a)(1) when it called the plaintiff on April 19, 2019, at about 10:00 a.m.  Taking the factual allegations in the complaint [#1] as true, when the 10:00 a.m. call was placed, Aldous did not know that the call was being made at a time or place known to be inconvenient to Ms. Dennis.  Ms. Dennis does not allege Aldous had such knowledge when placing the 10:00 a.m. call.  Under § 1692c(a)(1), the 10:00 a.m. call was placed at a time which Aldous was permitted to assume to be convenient for Ms. Dennis.

7. During the 10:00 a.m. call, Ms. Dennis informed Aldous that she was at work and she requested a call back after 4:00 p.m.  With that statement from Ms. Dennis, Aldous knew a call to Ms. Dennis prior to 4:00 p.m. would be a call made at a time or place known to be inconvenient to the consumer, Ms. Dennis, at least on April 19, 2019.

8. When Aldous called Ms. Dennis about one hour later, at about 11:00 a.m., Aldous placed a call to Ms. Dennis at a time or place known by Aldous to be inconvenient to the consumer, Ms. Dennis.  When it called Ms. Dennis on April 19, 2019, at about 11:00 a.m., Aldous violated § 1692c(a)(1).

### B.  15 U.S.C. § 1692d

9. Ms. Dennis alleges Aldous violated 15 U.S.C. § 1692d, part of the FDCPA. *Complaint* [#1], ¶ 18.  That statutory provision provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
>
> (4) The advertisement for sale of any debt to coerce payment of the debt.
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

10. Aldous placed two calls to the plaintiff on April 19, 2019, about one hour apart. The second call, the 11:00 a.m. call, was placed by Aldous after it learned it was inconvenient for the plaintiff to be called before 4:00 p.m., at least on April 19, 2019. Considered individually or together, these two calls do not constitute conduct the natural consequence of which is to harass, oppress, or abuse any person.

11. In her complaint [#1], the plaintiff alleges that Aldous "engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt." *Complaint* [#1], ¶ 18.  In the context of a claim under § 1692d, the allegation in ¶ 18 of the complaint [#1] is a legal conclusion rather than a

5

factual allegation.  Via its default, Aldous did not admit this legal conclusion, and I am not bound to accept it.

12.  Section § 1692d provides a non-exclusive list of six actions which violate that section.  Of those six actions, only § 1692d(5) describes a type of action which bears any similarity to the facts of this case.  Section 1692d(5) prohibits placing telephone calls repeatedly or continuously with intent to annoy, abuse, or harass.  The two calls made by Aldous to Ms. Dennis are repeated, but only at the lowest possible level of repetition – two calls.  Nowhere does Ms. Dennis allege that Aldous made either of the two calls with the intent to annoy, abuse, or harass Ms. Dennis.  In her motion [#14], Ms. Dennis cites no legal authority to support her contention that the facts alleged in her complaint [#1] support this claim.

13.  The factual allegations in the complaint [#1], taken as true, do not support a claim under § 1692d.

### C.  15 U.S.C. § 1692f

14.  Ms. Dennis alleges Aldous violated 15 U.S.C. § 1692f, part of the FDCPA, because Aldous "used unfair and unconscionable means to collect a debt."  *Complaint* [#1], ¶ 19.  That statutory provision provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
>
> (2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such

deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if–

> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
> (B) there is no present intention to take possession of the property; or
>
> (C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15. In the context of a claim under § 1692f, the allegation in ¶ 19 of the complaint [#1] is a legal conclusion rather than a factual allegation. Even in default, Aldous did not admit this legal conclusion and I am not bound to accept it.

16. Section § 1692f provides a non-exclusive list of eight actions which violate that section because they constitute unfair or unconscionable means. None of those eight actions bears any similarity to the facts of this case. In her motion [#14], Ms. Dennis cites no legal authority to support her contention that the facts alleged in her complaint [#1] support this claim.

17. The two calls made by Aldous to Ms. Dennis do not constitute the use of unfair or unconscionable means under § 1692f. The factual allegations in the complaint [#1], taken as true, do not support a claim under § 1692f.

### D.  One FDCPA Violation Established

18. To summarize, Aldous violated § 1692c(a)(1) when it called the plaintiff on April 19, 2019, at about 11:00 a.m.  On this basis, Ms. Dennis is entitled to default judgment on her claim under § 1692c(a)(1) for making the second call.

However, taken as true, the factual allegations in the complaint [#1] do not support a claim under § 1692c(a)(1) for making the first call or under § 1692d or § 1692f.  Thus, Ms. Dennis is not entitled to default judgment on those claims.

### E.  Damages

19. Ms. Dennis contends she is entitled to actual damages and statutory damages under § 1692k(a).  That statutory provision provides:

> **(a) Amount of damages**
>
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of–
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>
> (B) [class action provision omitted as not relevant]; and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work

expended and costs.

Subsection (b) of § 1692k provides a non-exclusive list of factors which the court must consider in determining the amount of liability for violation of the FDCPA:

> **(b) Factors considered by court**
>
> In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors--
>
> (1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or
>
> (2)   [class action provision omitted as not relevant].

20. In the complaint [#1], Ms. Dennis alleges that as "a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment." *Complaint* [#1], ¶ 15. Given the default of Aldous, it has admitted that Ms. Dennis suffered actual damages in these forms. However, Aldous has not admitted the amount of damages suffered by Ms. Dennis. Fed. R. Civ. P. 8(b)(6).

21. Nothing in the factual allegations in the complaint [#1] provides a factual basis to determine the amount of actual damages suffered by Ms. Dennis. Even if there were such allegations in the complaint [#1], Ms. Dennis is not entitled to an award of damages unless she presents evidence to substantiate an award of a particular amount of damages. Fed. R. Civ. P. 8(b)(6). The unsworn and conclusory allegations in the complaint [#1] do not constitute a valid factual basis on which to award actual damages.

22. Nothing in the motion for default judgment [#14] or the record otherwise provides evidentiary support for an award of any amount of actual damages.

23. The case law cited by Ms. Dennis to support an award of actual damages is not applicable, given the total absence of evidence of the amount of actual damages suffered by Ms. Dennis. *Notice of Plaintiff's Motion for Default Judgment* [#14], *Memorandum of Law in Support of Plaintiff's Motion for Default Judgment Against Defendant Aldous & Associates, LLC* [#14-1], pp. 6-7. **Nelson v. Equifax Information Services, LLC**, 522 F.Supp.2d 1222, 1239 (C.D.Cal. 2007) concerned an award of damages by a jury which, obviously, heard evidence. In **Panahiasl v. Gurney**, the plaintiffs submitted declarations to support an award of actual damages as part of their motion for default judgment. 2007 WL 738642, at *2 (N.D.Cal. 2007). In **Robertson v. Horton Bros. Recovery, Inc.**, the plaintiffs presented testimony at a damages hearing to support an award of actual damages as part of their motion for default judgment. 2007 WL 2009703, at *2 (D.Del. 2007).

24. Ms. Dennis claims she is entitled to an award of statutory damages under § 1692k(a)(2). That paragraph permits an award of statutory damages in an amount not exceeding 1,000 dollars.

25. In determining whether a plaintiff is entitled to an award of statutory damages and, if so, the amount of the award, § 1692k(b) requires the court to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."

26. The "maximum statutory damages under 15 U.S.C. § 1692k(a)(2)(A) should be reserved for egregious violations of the FDCPA . . . ." **Sterling v. American Credit & Collections, LLC**, 2012 WL 3553757, at *4 (D. Colo. 2012) (Ebel, J.). Imposing maximum statutory damages for a minor violation does not calibrate the statutory damages to the nature of the violation.

27. In this case, Aldous violated the FDCPA with one call placed to Ms. Dennis, the 11:00 a.m. call on April 19, 2019.  The earlier 10:00 a.m. call made the same day did not violate the FDCPA.  The noncompliance of Aldous was neither frequent nor persistent.  Ms. Dennis does not specify or criticize the nature of the conversation in either call.  So, there is no basis to determine the nature of the noncompliance.  Similarly, there is no basis to conclude that the noncompliance of Aldous was intentional.[3]  In short, on the current record, I can conclude only that this case concerns a brief and otherwise minor violation of the FDCPA by Aldous.

28. Given the relatively minor nature of the single FDCPA violation and the lack of evidence to show the nature or degree of any actual damages suffered by Ms. Dennis, I find and conclude an award of twenty percent of the maximum statutory damages – 200 dollars – constitutes a reasonable measure of justice under § 1692k(a)(2).

### III. SUMMARY

Aldous failed to answer or otherwise respond to the complaint [#1].  Default has been entered by the clerk.  Thus, Aldous is deemed to have admitted the factual allegations in the complaint [#1], other than those relating to the amount of damages. Taking the factual allegations in the complaint as true, Ms. Dennis has established a single violation of the FDCPA under § 1692c(a)(1) for the 11:00 a.m. call made by Aldous to Ms. Dennis on April 19, 2019.  For that single violation, Ms. Aldous should be awarded 200 dollars in statutory damages under § 1692k(a)(2).  Nothing in the record supports an award of actual

---

[3] 16 U.S.C. § 1692k(c) provides an affirmative defense to debt collectors.  "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  This provision does not permit the court to assume, without evidence, that any violation was intentional.

damages.

Taken as true, the factual allegations in the complaint [#1] do not support a claim under § 1692c(a)(1) for making the first call at 10:00 a.m., or under § 1692d or § 1692f. Thus, Ms. Dennis is not entitled to default judgment on those claims.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Notice of Plaintiff's Motion for Default Judgment** [#14] is granted in part and denied in part;

2. That under Fed. R. Civ. P. 55, default judgment shall enter in favor of the plaintiff, Andrea Dennis, and against the defendant, Aldous & Associates, PLLC, on the claim of the plaintiff for violation of § 1692k(a)(2) based on the telephone call made by the defendant to the plaintiff on April 19, 2019, at approximately 11:00 a.m.;

3. That under § 1692k(a)(2), the plaintiff is awarded statutory damages of 200 dollars;

4. That under § 1692k(a)(3), the plaintiff is entitled to reasonable attorney's fees; provided further that the plaintiff shall a motion for attorney's fees by April 30, 2020, which motion shall be circumstantiated in the manner required by D.C.COLO.LCivR 54.3;

5. That the plaintiff is awarded her costs, to be taxed by the clerk in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

6. That otherwise, the relief requested in the **Notice of Plaintiff's Motion for Default Judgment** [#14] is denied.

Dated April 17, 2020, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn* (signature)
Robert E. Blackburn
United States District Judge